UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GARY LEE BROWN, ) | C/A No. 4:18-2138-JFA-TER |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| LT. WOODBERRY, SGT. SMITHY, NURSE ) | |
| APRIL BOATWRIGHT, PRVT. GODWIN, ) | |
| AND PRVT. B. DAVIS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff filed a motion with the court on December 7, 2018, entitled "Plaintiff's Motion For An Order To Compel A Discovery Response." (ECF No. 40). In this motion, Plaintiff requests an order from the Court to compel the deposition of Dr. Fling. Defendant Nurse Boatwright filed a response in opposition asserting that it is not the proper vehicle in which to depose a witness as Plaintiff may depose a witness without leave of court because Defendant has not objected to the taking of any deposition at this time. Further, Defendant states that Plaintiff has made no attempt to date to take Dr. Fling's deposition, so leave of Court would be premature.

Discovery in civil cases filed in this court is governed by the Federal Rules of Civil Procedure. These rules are applicable to all litigants including those who are proceeding *pro se.* According to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Except under certain circumstances in which leave of the court is required, see Fed.R.Civ.P. 30(b)(2), a party may take an oral deposition of another party without

leave of the court by serving written notice on the opposing party. See Fed.R.Civ.P. 30. The deponent's attendance may be compelled by subpoena pursuant to Rule 45.[1]

Accordingly, this motion is denied without prejudice.

    IT IS SO ORDERED.


January 10, 2019                                           s/Thomas E. Rogers, III
Florence, South Carolina                  Thomas E. Rogers, III
                                                                   United States Magistrate Judge

---

[1] The court's authorization of a subpoena requested by an in forma pauperis plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena. *See* Fed.R.Civ.P. 26(b) & 45(c)(1). The court notes that, although the plaintiff has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915(d), such status does not mean that the plaintiff's discovery expenses are underwritten or waived. Plaintiff is advised that subpoenas for the attendance at a deposition cannot be enforced without proper prepayment of the appropriate witness and mileage fees. *See* Fed.R.Civ.P. 45(b)(1)